No 07-165C

(Judge Merow)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

HERNANDEZ KROONE AND ASSOCIATES, INC.,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

ANSWER OF HERNANDEZ KROONE ASSOCIATES, INC.

DEMAND FOR JURY TRIAL

Laurence P. Lubka
Richard Mah
Hunt Ortmann Palffy Nieves
Lubka Darling & Mah, Inc.
301 North Lake Avenue
7th Floor
Pasadena, CA 91101
Tel: 626-440-5200
Fax: 626-796-0107

Counsel for Plaintiff Hernandez, Kroone & Associates, Inc

Plaintiff and Counter-Defendant Hernandez Kroone & Associates, Inc. ("Counter-Defendant"), answering the Counter-Claim in the above-entitled action, admits, denies and alleges as follows:

## DEFENDANT'S COUNTER-CLAIMS

1.      Answering Paragraph 35, Counter-Defendant responds that this allegation is a conclusion of law to which no response is required; to the extent the allegation may be deemed a statement of fact, it is denied.

2.      Answering Paragraph 36, Counter-Defendant responds that this allegation is a conclusion of law to which no response is required; to the extent the allegation may be deemed a statement of fact, it is denied.

3.      Answering Paragraph 37, Counter-Defendant admits.

## FACTUAL BACKGROUND

4.      Answering Paragraph 39, Counter-Defendant admits the following allegations: That the Army Corps. of Engineers made some payments to Counter-Defendant for work performed, which included a 48 x 60 foot facility, and other construction work. As to all other allegations in Paragraph 39, the Counter-Defendant denies, both generally and specifically each and every allegation contained therein.

5.      Answering Paragraph 40, Counter-Defendant denies, both generally and specifically each and every allegation contained therein.

6.      Answering Paragraph 41, Counter-Defendant admits that a request for additional compensation was submitted to the U.S. Army Corps. of Engineers ("USACECounter-Defendant admits that a request for additional compensation was submitted to the USACE, but avers that the request is the best evidence of its contents.

7. Answering Paragraph 42, the Counter-Defendant lacks sufficient information and belief upon which to answer the following allegations, and on that basis, denies each and every allegation contained therein.

8. Answering Paragraph 43, the Counter-Defendant admits that it filed a First Amended Complaint, and avers that the First Amended Complaint is the best evidence of its contents.

9. Answering Paragraph 44, Counter-Defendant admits that it served supplemental responses to interrogatories, and avers that the supplemental responses are the best evidence of its contents.

10. Answering Paragraph 45, Counter-Defendant avers that its interrogatory responses are the best evidence of its contents.

11. Answering Paragraph 46, Counter-Defendant avers that its supplemental interrogatory responses are the best evidence of its contents.

12. Answering Paragraph 47, the Counter-Defendant admits that Mr. Roland Hill was a project superintendent. As to all other allegations, the Counter-Defendant denies each and every allegation contained therein.

13. Answering Paragraph 48, Counter-Defendant admits that a request for additional compensation was submitted to the USACE, but avers that the request is the best evidence of its contents.

14. Answering Paragraph 49, deny.

15. Answering Paragraph 50, deny.

16. Answering Paragraph 51, deny.

17. Answering Paragraph 52, deny.

18. Answering Paragraph 53, Counter-Defendant denies the allegations because the allegations are too vague and indefinite to permit Counter-Defendant to perform a belief as to its truth and because the allegations are conclusions of law, to which no response is required; to the extent that any allegations in Paragraph 53, are deemed statement of facts, those allegations are denied.

19. Answering Paragraph 54, Counter-Defendant denies the allegations because the allegations are too vague and indefinite to permit Counter-Defendant to perform a belief as to its truth and because the allegations are conclusions of law, to which no response is required; to the extent that any allegations in Paragraph 54, are deemed statement of facts, those allegations are denied.

20. Answering Paragraph 55, Counter-Defendant denies the allegations because the allegations are too vague and indefinite to permit Counter-Defendant to perform a belief as to its truth and because the allegations are conclusions of law, to which no response is required; to the extent that any allegations in Paragraph 55, are deemed statement of facts, those allegations are denied.

21. Answering Paragraph 56, Counter-Defendant denies the allegations because the allegations are too vague and indefinite to permit Counter-Defendant to perform a belief as to its truth and because the allegations are conclusions of law, to which no response is required; to the extent that any allegations in Paragraph 56, are deemed statement of facts, those allegations are denied.

22. Answering Paragraph 57, Counter-Defendant denies the allegations because the allegations are too vague and indefinite to permit Counter-Defendant to perform a belief as to its truth and because the allegations are conclusions of law, to which no response is required; to the

extent that any allegations in Paragraph 57, are deemed statement of facts, those allegations are denied.

23. Answering Paragraph 58, Counter-Defendant denies the allegations because the allegations are too vague and indefinite to permit Counter-Defendant to perform a belief as to its truth and because the allegations are conclusions of law, to which no response is required; to the extent that any allegations in Paragraph 58, are deemed statement of facts, those allegations are denied.

24. Answering Paragraph 59, Counter-Defendant denies the allegations because the allegations are too vague and indefinite to permit Counter-Defendant to perform a belief as to its truth and because the allegations are conclusions of law, to which no response is required; to the extent that any allegations in Paragraph 59, are deemed statement of facts, those allegations are denied.

25. Answering Paragraph 60, Counter-Defendant denies the allegations because the allegations are too vague and indefinite to permit Counter-Defendant to perform a belief as to its truth and because the allegations are conclusions of law, to which no response is required; to the extent that any allegations in Paragraph 60, are deemed statement of facts, those allegations are denied.

26. Answering Paragraph 61, Counter-Defendant denies the allegations because the allegations are too vague and indefinite to permit Counter-Defendant to perform a belief as to its truth and because the allegations are conclusions of law, to which no response is required; to the extent that any allegations in Paragraph 61, are deemed statement of facts, those allegations are denied.

27. Answering Paragraph 62, the Counter-Defendant responds that the allegations are conclusions of law to which no response is required. To the extent that the allegations in Paragraph 62 may be deemed statements of fact, the allegations are denied for lack of knowledge or information as to their truth.

28. Answering Paragraph 63, Counter-Defendant admits that there was a dispute with GMC.

29. Answering Paragraph 64, Counter-Defendant responds that the allegations are conclusions of law to which no response is required. To the extent that the allegations in Paragraph 64 are deemed statements of fact, the allegations are denied for lack of knowledge or information to the truth.

30. Answering Paragraph 65, deny.

31. Answering Paragraph 66, Counter-Defendant admits that Ms. Anne Hernandez is part owner of Hernandez Kroone & Associates. As to all other allegations, they are conclusions of law to which no response is required. To the extent that the allegations in Paragraph 66 may be deemed statements of fact, the allegations are denied.

32. Answering Paragraph 67, Counter-Defendant admits that Richard Hernandez was part owner of Hernandez Kroone & Association. As to all other allegations contained in Paragraph 67, they are conclusions of law to which no response is required. To the extent that the allegations in Paragraph 67 may be deemed statements of fact, the allegations are denied.

33. The allegations in Paragraph 68 are conclusions of law to which no response is required. To the extent that the allegations in Paragraph 68 may be deemed statements of fact, the allegations are denied.

34. Answering Paragraph 69, denied.

35. Answering Paragraph 70, Counter-Defendant admits that there was a May 3, 2006 letter, which Counter-Defendant avers is the best evidence of its contents.

36. Answering Paragraph 71, Counter-Defendant admits that it is seeking entitlement to additional compensation for Hernandez Kroone Associates' subcontractors, and avers that the request is the best evidence of its contents.

37. Answering Paragraph 72, Counter-Defendant admits that it is seeking entitlement to additional compensation for Hernandez Kroone & Associates' subcontractors, and avers that the request is the best evidence of its contents.

38. Answering Paragraph 73, Counter-Defendant admits that it is seeking entitlement to additional compensation for Hernandez Kroone & Associates' subcontractors, and avers that the request is the best evidence of its contents.

39. Answering Paragraph 74, Counter-Defendant admits that it is seeking entitlement to additional compensation for Hernandez Kroone Associates' subcontractors, and avers that the request is the best evidence of its contents.

40. Answering Paragraph 75, Counter-Defendant admits that it is seeking entitlement to additional compensation for Hernandez Kroone & Associates' subcontractors, and avers that the request is the best evidence of its contents.

41. Answering Paragraph 76, Counter-Defendant admits that it had sought entitlement to additional compensation for Hernandez Kroone & Associates' subcontractors, and avers that the claim is the best evidence of its contents.

42. Answering Paragraph 77, Counter-Defendant admits that it had sought entitlement to additional compensation for Hernandez Kroone & Associates' subcontractors, and avers that the request is the best evidence of its contents.

43. Answering Paragraph 78, Counter-Defendant admits that it had sought entitlement to additional compensation for Hernandez Kroone & Associates' subcontractors, and avers that the request is the best evidence of its contents.

44. Answering Paragraph 79, deny.

45. Answering Paragraph 80, deny.

46. Answering Paragraph 81, Counter-Defendant denies the allegations contained in Paragraph 81 for lack of knowledge or information sufficient to form and belief as to their truth.

47. Answering Paragraph 82, Counter-Defendant denies the allegations contained in Paragraph 82 for lack of knowledge or information sufficient to form and belief as to their truth.

48. Answering Paragraph 83, Counter-Defendant denies the allegations contained in Paragraph 83 for lack of knowledge or information sufficient to form and belief as to their truth.

49. Answering Paragraph 84, Counter-Defendant denies the allegations contained in Paragraph 84 are conclusions of law to which no response is required.  To the extent that the allegations in Paragraph 84 may be deemed statements of fact, they are denied.

50. Answering Paragraph 85, Counter-Defendant denies the allegations contained in Paragraph 84 are conclusions of law to which no response is required.  To the extent that the allegations in Paragraph 85 may be deemed statements of fact, they are denied.

51. Answering Paragraph 86, Counter-Defendant denies the allegations contained in Paragraph 84 are conclusions of law to which no response is required.  To the extent that the allegations in Paragraph 86 may be deemed statements of fact, they are denied.

52. Answering Paragraph 87, Counter-Defendant denies the allegations contained in Paragraph 84 are conclusions of law to which no response is required.  To the extent that the allegations in Paragraph 87 may be deemed statements of fact, they are denied.

53. Answering Paragraph 88, Counter-Defendant incorporates its response as set forth in Paragraphs 34-87 above.

54. Answering Paragraph 89, deny.

55. Answering Paragraph 90, deny.

56. Answering Paragraph 91, Counter-Defendant incorporates its response as set forth in Paragraphs 34-90 above.

57. Answering Paragraph 92, deny.

58. Answering Paragraph 93, deny.

59. Answering Paragraph 94, Counter-Defendant hereby incorporates its response as set forth Paragraphs 34-93 above.

60. Answering Paragraph 95, deny.

61. Answering Paragraph 96, deny.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

62. The Counter-Claim, and each purported cause of action thereof, fails to state facts which are sufficient to constitute a claim for relief against this answering Counter-Defendant.

### SECOND AFFIRMATIVE DEFENSE

63. Counter-Claimant has engaged in conduct and activities sufficient to constitute a waiver of any alleged claim for relief asserted in the Counter-Claim.

### THIRD AFFIRMATIVE DEFENSE

64. Counter-Claimant has engaged in conduct and activities sufficient to bar it from bringing any claim for relief against Counter-Defendant under the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

65. Counter-Claimant has engaged in conduct and activities sufficient to bar it from bringing any claim for relief against Counter-Defendant under the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

66. Counter-Claimant has unreasonably and unjustifiably, and without good cause, and to the substantial prejudice of Counter-Defendant, delayed in pursuing its purported claim and in bringing this action, and Counter-Claimant's claim is therefore barred under the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

67. Counter-Defendant was never required to perform the obligations allegedly breached due to the failure of express conditions precedent to occur.

## SEVENTH AFFIRMATIVE DEFENSE

68. Counter-Claimant's recovery, if any, should be offset by the damages caused by Counter-Claimant to Counter-Defendant.  Counter-Claimant's claims, if any, should be offset or reduced by the claims of Counter-Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

Counter's Defendant's actions were performed in good faith, and were objectively reasonable.

## NINTH AFFIRMATIVE DEFENSE

69. The damages, if any, for which Counter-Claimant seeks relief directly and proximately caused, in whole or in part, by acts, omissions, conduct or activities of Counter-Claimant or other third parties over which Counter-Defendant had no control and for which Counter-Defendant is not liable.

## TENTH AFFIRMATIVE DEFENSE

70.     Counter-Defendant has performed, satisfied and discharged all of its duties and obligations to Counter-Claimant, and Counter-Claimant has accepted Counter-Defendant's full performance of Counter-Defendant's obligations, thereby extinguishing any obligations of Counter-Defendant to Counter-Claimant.

## ELEVENTH AFFIRMATIVE DEFENSE

71.     Counter-Claimant's claims are barred, in whole or in part, on the ground of its consent to each and every action taken by Counter-Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

72.     Counter-Claimant's claims are barred, in whole or in part, on the basis of collateral estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

73.     Counter-Claimant's claims are barred by the doctrine of *in pari delicto* as applied to relators.

## FOURTEENTH AFFIRMATIVE DEFENSE

74.     Counter-Claimant's claims, in whole or in part, are barred by the Government's contributory negligence.

## FIFTEENTH AFFIRMATIVE DEFENSE

75.     The Court lacks jurisdiction over this cause of action because the Counter-Claimant has failed to exhaust administrative remedies for resolution of Government contract disputes.

## SIXTEENTH AFFIRMATIVE DEFENSE

76. Counter-Claimant's claims, in whole or in part, are barred by the doctrine of laches because the Government did not timely assert its rights, to the prejudice of Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

77. Counter-Claimant's claims, in whole or in part, are barred by the applicable statute of limitations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

78. Counter-Claimant's claims for damages are barred by the fact that the United States has suffered no actual injury.

## NINETEENTH AFFIRMATIVE DEFENSE

79. Counter-Claimant's claims, in whole or in part, are barred by the Government's failure to mitigate damages.

## TWENTIETH AFFIRMATIVE DEFENSE

80. Counter-Claimant's claims, in whole or in part fail, in that even were false statements made, the Government at all pertinent times knew at the time the statements, if any, were false.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

81. The Counter-Claimant fails to plead fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

WHEREFORE, Counter-Defendant prays for judgment as follows:

1. Counter-Claimant take nothing under this Counter-Claim;

2. Counter-Claimant's recovery, if any be offset by the claims of Plaintiff against Defendant;

3. For cost of suit incurred herein, including reasonable attorneys' fees; and

4. For such other and further believe as the court may be just and proper.

Date:   March 29, 2010

                /S/
LAURENCE P. LUBKA
RICHARD MAH
Hunt Ortmann Palffy Nieves Lubka Darling & Mah, Inc.
301 North Lake Avenue, 7th Floor
Pasadena, CA 91101
Tel: 626-440-5200
Fax: 626-796-0107

Counsel for Plaintiff Hernandez, Kroone & Associates, Inc.

314600.1 RXM 3291.002